FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICK EWA,

Plaintiff,

- against -

THE CITY OF NEW YORK, NEW YORK CITY HEALTH & HOSPITAL CORP., KINGS COUNTY HOSPITAL, EVELYN BERSAMIN, EXECUTIVE DIRECTOR OF NURSING BEHAVIORAL HEALTH and MERLYN LAPAIX, ASSOCIATE DIRECTOR OF NURSING BEHAVIORAL HEALTH,

Defendants.

**MEMORANDUM DECISION AND ORDER**

11 Civ. 2368 (BMC)

**COGAN**, District Judge.

The Court dismisses plaintiff's complaint sua sponte, see Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000), with leave to replead within fourteen days, for failure to state plausible federal claims in accordance with the requirements of Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The complaint purports to state claims for hostile work environment and racial or ethnic employment discrimination under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e et seq., but does not come close to stating claims under either statute.

As to the hostile work environment claims, the only fact pleaded is that plaintiff received a single negative performance review. This hardly constitutes a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v.

Forklift Systems, Inc., 510 U.S. 17, 21, 114 S. Ct. 367 (1993) (internal quotation marks and citations omitted).

As to plaintiff's discrimination claims, plaintiff pleads in some detail that he was terminated because he sought to discipline a subordinate who held favor with plaintiff's superior. That is not actionable under § 1981 or Title VII. The fact that plaintiff, after describing this non-actionable termination scenario, adds the conclusory allegation that he "was discriminated against by ... [defendants] on the basis of his African Nigerian national origin," does not render this an adequate pleading. There is no factual allegation even suggesting that plaintiff was terminated because of his race or national origin. Although he alleges that "[a]nother Nigerian was fired before [plaintiff] and another resigned under duress," the absence of a single factual allegation showing how those departures are comparable to his leaves the claim far short of plausible.

Moreover, "[a] Title VII claimant may file suit in federal court only if []he has filed a timely complaint with EEOC and obtained a right-to-sue letter." Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). Plaintiff has not alleged that he has complied with these requirements. This too requires dismissal of his Title VII claims. See Benardo v. Am. Idol Prods., No. 10 Civ. 6487, 2010 U.S. Dist. LEXIS 129184, at *5-6 (S.D.N.Y. Dec. 6, 2010).

Failure to file an amended complaint within fourteen days will result in the dismissal of this case.

**SO ORDERED.**

//s(BMC)

Dated: Brooklyn, New York
      May 20, 2011